UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KENNETH BELL, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | No. 1:06CV00185(FRB) |
|  | ) |  |
| STATE OF MISSOURI, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER AND MEMORANDUM

This matter is before the Court sua sponte for review of the complaint pursuant to 28 U.S.C. § 1915A. Also before the Court are plaintiffs motions to proceed in forma pauperis [Docs. #2,#4, and #13], to certify class [Doc. #7], to amend/correct the jurisdictional statement in the original complaint by interlineation [Doc. #8], and for leave to file a second amended complaint [Doc. #10]

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court shall dismiss such a complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be

granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint[1]**

Plaintiffs seek declaratory relief for alleged violations of their constitutional rights. The State of Missouri is named as the sole defendant. Plaintiffs seek to have this matter certified as a class action.

According to the complaint and attached exhibits, plaintiff Bell was convicted in state court, after a jury trial, of murder in the first degree and armed criminal action. Plaintiff Bell was sentenced to life imprisonment without possibility of parole for the murder and a consecutive life term for the armed criminal action. Plaintiff Bell sought but was denied relief pursuant to Rule 29.15 of the Missouri Rules of Criminal Procedure. Plaintiff Bell's direct appeal and the appeal from the denial of his Rule 29.15 motion were consolidated. On July 11, 1995, the Missouri Court of Appeals, Eastern District, affirmed plaintiff Bell's conviction and the denial of his Rule 29.15. State v. Bell, 906 S.W.2d 737 (Mo. App. 1995).

---

[1]For purposes of this review, the complaint consists of both the original complaint filed December 18, 2006 [Doc. #1], and the first amended complaint filed January 3, 2007 [Doc. #6].

Plaintiff Mack was convicted in state court, after a jury trial, of murder and armed criminal action. Plaintiff Mack was sentenced to life imprisonment without possibility of parole for the murder and a consecutive life term for the armed criminal action. Plaintiff Mack also sought but was denied relief pursuant to Rule 29.15. Plaintiff Mack's direct appeal and the appeal from the denial of his Rule 29.15 motion were consolidated. On June 13, 1995, the Missouri Court of Appeals, Eastern District, affirmed plaintiff Bell's conviction and the denial of his Rule 29.15. See State v. Mack, 900 S.W.2d 9 (Mo. App. 1995).

In their respective Rule 29.15 motions, both plaintiff Bell and plaintiff Mack asserted claims of ineffective assistance of trial counsel. At the time of plaintiffs' consolidated appeals, Rule 29.15(l) provided that "If a claim of ineffective assistance of counsel was presented in the motion, the attorney representing movant on the motion filed pursuant to this Rule 29.15 shall be the attorney on appeal for the consolidated case." Based on the above, plaintiffs seek a declaration that their post-conviction counsel were constitutionally required "to render competent, diligent and meaningful representation" and that the judgment rendered in their criminal proceedings are "void."

## Discussion

Plaintiffs' complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b). As noted above, plaintiffs seek a declaration that the judgments rendered in their criminal cases are "void." Of course, if their criminal convictions and sentences were declared "void," then plaintiffs would be entitled to immediate release from confinement. The Supreme Court of the United States, however, has held that the sole federal remedy for a state prisoner seeking immediate release from confinement is a federal writ of habeas corpus - not a civil action seeking redress for violations of

3

constitutional rights.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that sole federal remedy for a state prisoner seeking immediate release is a federal writ of habeas corpus). Therefore, plaintiffs' claim for declaratory relief will be dismissed.

Furthermore, this Court will not construe the instant action as seeking writs of habeas corpus pursuant to 28 U.S.C. § 2254.  First, plaintiff Bell has previously sought and been denied federal habeas corpus relief by this Court.  See Bell v. Bowersox, No. 4:97CV324(DJS) (E.D. Mo.).  Consequently, plaintiff Bell cannot file a second or successive § 2254 habeas action in this Court unless authorized by the Eighth Circuit Court of Appeals as provided under 28 U.S.C. § 2244(B)(3)(A).  Because there is no indication that plaintiff Bell has been authorized to file a second or successive habeas corpus action in this Court, the Court will not construe the instant action as seeking habeas relief.  With regard to plaintiff Mack, an application for federal habeas relief pursuant to § 2254 would appear to be untimely.  See 28 U.S.C. § 2244(d)(1) (1-year period of limitation).

Even if plaintiffs were not limited to seeking federal habeas relief, the instant civil action for declaratory relief should still be dismissed as time barred.  The applicable limitations period for claims under 42 U.S.C. § 1983 is borrowed from the state's statute of limitations for general personal injury claims.  Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985).  In Missouri, the applicable statute of limitations for general personal injury claims is five years.  Mo. Rev. Stat. § 516.120(4).  Plaintiffs' claim for the declaratory relief they now seek would have accrued the moment their Rule 29.15 counsel was also deemed to be counsel for their direct appeals.  Specifically, plaintiffs' respective Rule 29.15 counsel became their counsel for the direct appeal when the plaintiffs filed Rule 29.15 motions alleging ineffective

assistance of trial counsel. As the complaint and the exhibits demonstrate, plaintiff Bell and plaintiff Mack filed their Rule 29.15 motions more than five years ago. Therefore, their instant action for declaratory relief is time barred.

Finally, as plaintiffs proposed second amended complaint adds only more defendants to this action without adding any allegations or asserting additional non-frivolous claims, the Court will deny plaintiffs motion to file a second amended complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs motions to proceed in forma pauperis [Doc. #2, #4, and #13] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiffs' motion to certify class [Doc. #7] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiffs' motion to correct/amend jurisdictional statement in the original complaint [Doc. #8] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a second amended complaint [Doc. #10] is **DENIED**.

An appropriate order shall accompany this order and memorandum.

So Ordered this 14th Day of March, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**